UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARREN FORD,
    Petitioner,

v.

DANIEL PARAMO,
    Respondent.

Case No. 16-cv-03051-RS (PR)

**ORDER TO SHOW CAUSE**

# INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The third amended petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The third amended petition states cognizable claims. On or before **September 25, 2017**, respondent shall file an answer or a dispositive motion in response to the petition.

# BACKGROUND

In 2012, a Santa Clara County Superior Court jury found petitioner guilty of two counts of annoying or molesting children, and one count of misdemeanor battery. The trial court found true various sentencing allegations. Consequent to these verdicts and findings, petitioner was sentenced to 50 years to life in state prison.

# DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall

"award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges (1) the prosecutor committed misconduct; (2) the trial court violated his rights in the ways detailed in the petition; (3) defense counsel rendered ineffective assistance in the ways detailed in the petition; and (4) the evidence of guilt was insufficient. When liberally construed, these claims are cognizable on federal habeas review.

## CONCLUSION

On or before **September 25, 2017**, respondent shall file an answer or a dispositive motion in response to the petition. Petitioner's response to respondent's filing (whether a traverse or an opposition to the motion) shall be filed on or before November 1, 2017. Respondent's reply to petitioner's opposition, if any, shall be filed within 15 days after the opposition if filed. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**Dated:** July 13, 2017

_____
RICHARD SEEBORG
United States District Judge

ORDER TO SHOW CAUSE
CASE NO. 16-cv-03051-RS

2